**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VISTEON CORP.,

       Plaintiff,                 CIVIL ACTION NO. 07-CV-15422-DT

vs.

                                       DISTRICT JUDGE GEORGE CARAM STEEH

FRANK RODGERS CORP.,     MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT FRANK RODGERS CORPORATION'S
MOTION TO DISMISS OR FOR SANCTIONS**

This matter comes before the Court on Defendant Frank Rodgers Corporation's[1] Motion for Sanctions and Dismissal against Visteon Corporation for Failure to Preserve Evidence which was filed on July 15, 2008. (Docket no. 17). Plaintiff has responded. (Docket no. 22). Defendant filed a Reply brief. (Docket no. 23). This matter was referred to the undersigned for decision as a discovery motion. (Docket no. 20). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Defendant seeks dismissal of this action as a sanction for Plaintiff's alleged failure to preserve evidence or, alternatively, an order compelling discovery pursuant to Fed. R. Civ. P. 37(a). (Docket no. 17). Plaintiff argues that it has not destroyed any evidence, that Defendant seeks

---

[1] Rodgers Molding Corporation is the other Defendant named in this action. Rodgers Engineering Corporation (the predecessor of Frank Rodgers Corporation) sold its assets to Rodgers Molding Corp. on May 9, 2005. (Docket no. 17 at 10 n.2). For the purposes of this Order the Court will refer to Frank Rodgers Corporation as the Defendant.

irrelevant information, and that it has provided all of the documentary evidence it has under its possession, custody, and control. (Docket no. 22).

This is an action in which Plaintiff alleges breach of contract and unjust enrichment against Defendant resulting from Plaintiff's contention that Defendant owes it some $264,000 for shipments of solenoid stud terminals in 2004 and 2005. Plaintiff's contentions are that it shipped these terminals to Defendant without first receiving a purchase order and that even though bills of lading may have been generated by a plant (which Plaintiff has since sold to a division of Ford Motor Co.) when it shipped the terminals, Plaintiff did not generate invoices for these shipments because it had no purchase orders and thus no price for the terminals. Once Plaintiff received pricing information for the terminals in March 2006 (docket no.22 ex.C), it generated the invoices which were sent to Defendant. Defendant's representative wrote a letter to Plaintiff on April 11, 2006 after receiving the unexpected invoices from Plaintiff. (*Id*. ex. D). He states in that letter that Defendant's research revealed that records of the purchases were apparently taken out of its systems when the part number changed and that with no purchase orders on file and no billing from Plaintiff, the "oversight" escaped two year end audits and the due diligence for the purchase of Rodgers Engineering by Rodgers Molding. (*Id*.). Defendant's representative further stated that they agreed that "we must pay for the studs that were supplied," but requested relief on the amount owed for several reasons including that Defendant was due credits on its account which should be offset against the amount owed. (*Id*.). Discovery closed in this action on August 6, 2008.[2]

---

[2] Defendant's request for an extension of the discovery period must be addressed to the district judge.

On May 6, 2008 Defendant served 11 Requests for Production of Documents on Plaintiff. (Docket no. 17 ex. 2). Plaintiff responded on June 11, 2008 by objecting, producing some documents, and stating that it had no responsive documents to two of the Requests. (*Id*. ex. 6). Defendant also served a Notice of a Rule 30(b)(6) deposition on Plaintiff. This deposition, of Plaintiff's employee Michelle Laser, was taken on June 17, 2008. (Docket no. 22 ex. A). Defendant argues that Ms. Laser was unable to testify on topics 1-3, 7-9, and 39-48 of its Notice and requests that the Court order Plaintiff to name a corporate representative capable of testifying on these topics for a follow-up deposition. (Docket no. 17 at 27).

**1. Request for Dismissal**

Defendant requests that this Court dismiss this action as a sanction for Plaintiff's alleged failure to preserve evidence. (Docket no. 17). The basis for this request is the Court's inherent powers. (*Id*.). Rule 37, which Defendant relies upon for other aspects of its motion, only provides for the sanction of dismissal upon the violation of a discovery order. Fed. R. Civ. P. 37(b)(2). Dismissal under the Court's inherent powers is a drastic action to be taken only as a last resort. *Shepherd v. ABC*, 62 F.3d 1469, 1478 (D.C. Cir. 1995). Defendant fails to show that Plaintiff has failed to obey a discovery order. This is apparently why Defendant moves for dismissal under the Court's inherent powers. However, there is no cause for such a harsh sanction at this point in this action.

Spoliation of evidence occurs when a party intentionally alters or destroys relevant evidence before an opposing party has the opportunity to examine it. *Easton Sports, Inc. v. Warrior Lacrosse, Inc.*, 2006 WL 2811261, slip copy at *4 (E.D. Mich. Sept. 28, 2006). Defendant argues vigorously that Plaintiff has failed to preserve evidence or destroyed evidence. However, Defendant fails to

identify any specific documents or other type of item that Plaintiff has destroyed. This is not a situation where a piece of evidence was inspected by one party and then disassembled by that party preventing the opposing party from performing its inspection. Defendant asks this Court to infer from the alleged lack of documentary evidence in Plaintiff's possession, or at least that Plaintiff has thus far disclosed during discovery, that Plaintiff has destroyed documents or failed to preserve relevant documents. Before the Court would consider such a grave sanction as dismissal, a much more specific showing would have to be made regarding the alleged spoliation. Defendant's request for dismissal as a discovery sanction will therefore be denied.

      **2.     Motions to Compel**

Alternatively, Defendant asks that this Court compel Plaintiff to name additional Rule 30(b)(6) deponents and to respond more fully to its Requests for the Production of Documents.

          **A.     Additional Rule 30(b)(6) Deponents**

When Defendant deposed Plaintiff's Rule 30(b)(6) representative Plaintiff's counsel stated that this representative would not be able to testify regarding the topics for which Defendant now seeks testimony. (Docket no. 22 ex. A at 41-42). Topics 1-3 relate to Plaintiff's shipping procedures in general and specifically for Defendant and its predecessors. (Docket no. 17 ex. 4). During the deposition Plaintiff's counsel stated that because the plant that shipped the items at issue to Defendant was sold by Plaintiff, Plaintiff had no employees that could testify regarding these issues. (*Id.*). This might explain why no employees can testify regarding topics 2 and 3, however topic 1 asks about Plaintiff's general shipping procedures to its customers. Plaintiff must name additional deponents to testify on topics 1-3 or submit an affidavit of a company officer stating that no current employees are capable of testifying on a certain topic.

Topics 7-9 relate to how Defendant used parts supplied by Plaintiff, reasons why any parts would have been returned to Plaintiff by Defendant, and the nature of parts sent by Plaintiff to Defendant. (Docket no. 17 ex. 4). Plaintiff does not specifically state why it cannot produce a witness on these topics. The Court finds these topics to be relevant to the claims and defenses in this case. Fed. R. Civ. P. 26(b). Plaintiff must therefore name additional deponents to testify on topics 7-9 or submit an affidavit of a company officer stating that no current employees are capable of testifying on a certain topic.

The final group of topics, 39-48, relates to Plaintiff's record-keeping procedures, electronic systems including computer and email systems, and electronic and paper retention policies. (Docket no. 17 ex. 4). During the Rule 30(b)(6) deposition Plaintiff's representative testified about a possible credit due Defendant reflected in Plaintiff's billing system. (Docket no. 22, ex. A at 166-69). Defendant has also produced emails of Plaintiff's employees discussing the validity of Defendant's claims for credit against the amount due. (Docket no. 17 ex. 5). Therefore, Plaintiff's computer and email systems are relevant areas for Defendant to investigate. Plaintiff must therefore name additional deponents to testify on topics 39-48.

### B. Request for Production of Documents

Defendant also moves for an order compelling Plaintiff to produce documents responsive to its Requests to Produce Nos. 1, 4, 6, 7, and 8-10. (Docket no. 17 ex. 2). Plaintiff objected to Request No. 1 which asks for all documents and communications it has relating to or referring to Defendant. This Request is overly broad because it is not limited to the relevant issues in the action and has no time limitation. Plaintiff produced some responsive documents, and this Court will not compel any further response. (Docket no. 17 ex. 6). Request No. 4 asks for all files or records kept

under Defendant's name. Plaintiff objected to this Request also and produced some documents. This Request is overly broad as well and contains no time limitation. This Court will not compel any further response to this Request.

Request No. 6 asks for documents relating to invoices that Plaintiff submitted to Defendant that Defendant failed to pay. Plaintiff produced documents pursuant to this Request. Defendant's complaint with this and other responses is apparently that Plaintiff has not shown that it conducted an adequate investigation for responsive documents. (Docket no. 17 at 23). Plaintiff will be ordered to supplement its response stating the extent of the investigation made and state that there are no additional responsive documents in it possession, custody or control.

Request No. 7 asks for documents relating to Defendant's efforts to fund and support other customers of Plaintiff including but not limited to Defendant's supply of solenoid caps to Loranger Company from February to December of 1998. (Docket no. 17 ex. 6). Plaintiff responded to this Request by stating that no such documents are in its possession. Plaintiff will supplement this response by setting out the extent of the investigation it conducted and stating that no responsive documents are within its possession, custody, or control.

Request No. 8 asks for all documents relating to any guarantee of payment that Plaintiff made to Defendant for any money Defendant was owed by any Visteon customers or business partners, including Loranger Company. (Docket no. 17, ex. 6). Plaintiff again responded by stating that no responsive documents are in its possession. Plaintiff will supplement this response by setting out the extent of the investigation it conducted and stating that no responsive documents are within its possession, custody, or control.

Request No. 9 seeks documents relating to financial records for Defendant, and Request No.

10 asks for documents relating to any reconciliation of any accounts of Defendant. They are not limited by time period. Both of these Requests are overly broad considering that these companies had done business for a number of years prior to the relevant time period for this issues involved in this action. Plaintiff responded to both Requests by referring Defendant to attached documents. The Court will not compel any further response to these Requests.

The Court will therefore order the relief set out above. Any further relief requested by Defendant such as precluding Plaintiff from using evidence is denied.

**IT IS THEREFORE ORDERED** that Defendant Frank Rodgers Corporation's Motion for Sanctions and Dismissal (docket no. 17) is **GRANTED IN PART AND DENIED IN PART.**

Plaintiff is ordered to name additional Rule 30(b)(6) deponents on or before September 26, 2008, or submit affidavits as set out above, whose depositions shall be completed by October 24, 2008. These deponents shall be capable of testifying on Topics 1-3, 7-9, and 39-48 listed in the attachment to Defendant's Amended Notice of Deposition.

In addition, Plaintiff is ordered to supplement its responses on or before October 3, 2008 to Defendant's Requests for the Production of Documents Nos. 6, 7, and 8 as set out above.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 22, 2008        s/ Mona K. Majzoub
        MONA K. MAJZOUB
        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 22, 2008           s/ Lisa C. Bartlett
                                                Courtroom Deputy